UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SABINA ESTHER PALACIO,　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　:　　Civil Action No. 00-1564 (GK)
　　　　　　　　　　　　　　　　:
UNITED STATES DEPARTMENT　　　　:
OF JUSTICE, *et al.*,　　　　　 :　　**FILED**
　　　　　　　　　　　　　　　　:
　　　　　Defendants.　　　　　　:　　JUL 2 2 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

Pursuant to the Court's order of February 11, 2002, Defendants filed *in camera* a submission regarding the bases for withholding records under Exemption 7(E) of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(E).[1]   Upon consideration of the *in camera* submission, the record in this case, and the applicable law, the Court concludes that the records were withheld properly under Exemption 7(E).   The Court will grant Defendants' motion for summary judgment.

The FBI asserted Exemption 7(E) to justify its decision to

---

[1]   The FBI provided both a declaration and true unexpurgated copies of the withheld records for *in camera* review.   These materials were filed under seal.   *See* Defendants' Response to this Court's Order of February 11, 2002 and Notice of Filing Under Seal.

[2]   In the February 11, 2002 Memorandum Opinion, the Court granted the FBI's motion for summary judgment with respect to the adequacy of its search for records responsive to Plaintiff's FOIA request, the assertion of Exemptions 2 (regarding informant file numbers), 7(C), and 7(D), and the release of segregable information pertinent to these exemptions.

withhold pages 80-83 (Ref. No. 245B-TP-39084-FF-18, Enclosure pages 1-4) in their entirety. Exemption 7(E) provides categorical protection to information related to law enforcement techniques. *See Fisher v. United States Dep't of Justice*, 772 F. Supp. 7, 12 n.9 (D.D.C. 1991), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992). The records at issue relate to an undercover program used nationwide to gather information in criminal and national security investigations. The program's operations and procedures are not commonly known to other law enforcement agencies or to the general public. The *in camera* declaration describes a technique used in this program. Release of any of the records at issue, which can be obtained only through the use of the technique, would disclose distinct aspects of the program. Upon review of the *in camera* submission, the Court finds that the records were properly withheld under Exemption 7(E). The Court further finds that no portion of these records may be released to Plaintiff. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022 (D.C. Cir. 1999); 5 U.S.C. § 552(b).

Accordingly, on this 19th day of June 2002, it is hereby

ORDERED that Defendants' motion for summary judgment [Dkt. #28] is GRANTED, and it is

---

The FBI asserted Exemption 2 in conjunction with Exemption 7(E) to justify its decision to withhold these records. Because the Court concludes that the records are properly withheld under Exemption 7(E), the Court need not address the applicability of Exemption 2. *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1994).

FURTHER ORDERED that JUDGMENT shall be entered for Defendants.

This is a final appealable Order.   *See* Fed. R. App. P. 4(a).


GLADYS KESSLER
United States District Judge


**Copies to:**

Sabina Ester Palacio
Reg. # 57785-004
FCI Coleman
P.O. Box 1032
Coleman, FL 33521-1032

Claire Whitaker
Assistant United States Attorney
555 Fourth Street, N.W., Room 10-917
Washington, DC 20520